IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOING STEEL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 1674 |
| ) | Magistrate Judge Nan R. Nolan |
| CASTLE CONSTRUCTION ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

On July 7, 2004, the district court entered judgment in favor of plaintiff Doing Steel, Inc. ("Doing Steel") and against defendant Castle Construction Corporation ("Castle"). This matter has been referred to this Court for resolution of Castle's objections to Doing Steel's Bill of Costs. For the reasons that follow, Doing Steel's Bill of Costs is allowed in part and denied in part and Castle's Motion to Object to Plaintiff's Bill of Costs is granted in part and denied in part. Doing Steel is awarded costs in the amount of $4,534.73.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that the prevailing party shall be allowed costs other than attorneys' fees as a matter of course unless a statute, federal rule of civil procedure, or the court otherwise directs. Doing Steel is the "prevailing party" and seeks costs in the amount of $7,590.33 plus interest. Recoverable costs are listed in 28 U.S.C. § 1920. Section 1920 allows the prevailing party to recover (1) fees of the clerk and marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Courts may

not award costs not authorized by statute. Barber v. Ruth, 7 F.3d 636, 644 (7th Cir. 1993). In assessing a bill of costs, the court must determine whether the costs are allowable and if so, whether they are both reasonable and necessary. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993). Castle bears the burden of affirmatively showing that Doing Steel is not entitled to costs. Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988). The Court addresses each of Castle's objections to Doing Steel's Bill of Costs in turn.

1. **Deposition Costs**

Doing Steel seeks $2,548.55 for deposition costs.[1] Castle objects to the copy rate of the deposition transcript charges. Local Rule 54.1(b) provides that the rate for reimbursement of deposition copies shall not exceed the regular rates established by the Judicial Conference of the United States, which has established maximum copy rates per page for the original transcript. Doing Steel requests a per page rate of $3.05 for original transcripts. However, at the time the depositions at issue were taken (1/29/03, 2/12/03, 2/26/03 and 2/27/03), the established rate for an original transcript was $3.00 per page. R.J. Reynolds Tobacco Co. and GMB v. Premium Tobacco Stores, Inc., 2005 WL 293512, at * 3 (N.D. Ill. Feb. 8, 2005) (indicating "Local Rule 54.1(b) specifies that the rates used to calculate costs are those in effect at the time a deposition was taken."); Zenith Electronics Corp. v. WH-TV Broadcasting Corp., 2004 WL 1631676, at *3 (N.D. Ill. July 19, 2004) (stating "[p]rior to February 28, 2003, the Judicial Conference rate allowed for original transcripts was $3.00 per page . . . ."). The Court therefore awards Doing Steel (a) $810.00 for the original deposition transcript of David Paukner for the 1/29/03 deposition (270 pages x $3.00/page); (b)

---

[1] Although an invoice for a court reporter fee of $83.00 for the deposition of a "Castle Construction person" is attached to the Bill of Costs, Doing Steel only seeks to recover the deposition costs associated with the depositions of David Paukner, Redi Specht, and Robert Gates.

$342.00 for the original deposition transcript of David Paukner on 2/12/03 (114 pages x $3.00/page); (c) $309.00 for the original deposition transcript of Reid Specht on 2/26/03 (103 pages x $3.00/page); and (d) $360.00 for the original deposition transcript of Robert Gates on 2/27/03 (120 pages x $3.00/page).

Moreover, the Seventh Circuit has upheld the discretion of trial judges to award court reporter deposition appearance fees as taxable costs. Held v. Held, 137 F.3d 998, 1001 (7th Cir. 1998); Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995) (upholding court reporter's per diem charges as taxable costs). The court reporter attendance fee of $33.20 per hour is reasonable and recoverable. Shaffer v. Combined Ins. Co. of America, 2004 WL 542516, at *2 (N.D. Ill. March 17, 2004) (stating court reporter attendance fees ranging from $16.00 to $68.75 per hour are reasonable). Doing Steel is entitled to recover a total of $2,518.20 for the deposition transcripts and attendance fees, rather than the amount of $2,548.55 sought by Doing Steel.

2. **Witness Fee**

Doing Steel also seeks to recover $65.00 in witness fees for the expenses of David Paukner appearing pursuant to subpoena for a deposition. Fees for witnesses are recoverable under 28 U.S.C. § 1920(3). Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40.00 per day for each day's attendance. Mr. Paukner appeared for a deposition on 1/29/03 and 2/12/03. Doing Steel is therefore entitled to recover $65.00 for his witness fees.

3. **Subpoena Service Costs**

Doing Steel seeks $945.00 for costs incurred in serving trial subpoenas. Castle challenges the subpoena service charges for the seven record keepers and Candy Mulcahy. Castle argues that the fees for serving subpoenas on these persons are not reasonable or necessary because there was no authenticity objection as to Doing Steel's exhibits at trial. "In order to show that the subpoenas

-3-

were unreasonable or unnecessary, [Castle] must offer some evidence to show that it was unreasonable for [Doing Steel] to believe that the documents or the testimony were necessary at the time sought." Movitz v. The First National Bank of Chicago, 982 F.Supp. 571, 574 (N.D. Ill. Oct. 23, 1997). Castle has not established that it was unreasonable for Doing Steel to believe that the record keepers subpoenaed to testify at trial were necessary. Doing Steel explains that the subpoenaed record keepers of the various subcontractors were not expected to testify as to the authenticity of any document. Rather, they were subpoenaed to testify, if necessary, that no further documents existed which would support Castle's affirmative defenses. The fact that Doing Steel's counsel determined that their testimony was unnecessary during the course of trial has no bearing on the determination of the necessity of their testimony at the time it was sought. Shea v. Galaxie Lumber & Constr. Co., 1997 WL 51655, at * 8 (N.D. Ill. Feb. 5, 1997), rev'd on other grounds, 152 F.3d 729 (7th Cir. 1998) (stating costs for service of subpoenas are "recoverable even if the witnesses do not testify at trial; the relevant question is whether the plaintiff 'reasonably believed . . . that the testimony would be helpful.'"). Moreover, Doing Steel states that A.L.L Masonry's representative, Luis Puig, did in fact testify at trial.[2]

Castle further argues that Candy Mulcahy was not listed in the pretrial order and therefore, could not have been called as a witness at trial. Doing Steel responds that a qualified representative

---

[2] Castle also argues that subpoenaed records which were not listed in the Final Pretrial Order could not have been introduced at trial. The Court rejects Castle's suggestion that subpoena fees for witnesses and documents not listed in the pretrial order can never be reasonable and necessary. The standard final pretrial order form in this district does not require rebuttal witnesses and exhibits and nondemonstrative exhibits (such as documents to be used for impeachment) to be listed in the pretrial order unless they will be offered into evidence. Unlisted exhibits may also be used to refresh recollection if there is an established basis to do so. Moreover, the trial court has the discretion to allow an unlisted witness to testify. Fidelity and Deposit Co. of Maryland v. Krebs Engineers, 859 F.2d 501, 511(7th Cir. 1988) (stating "the decision whether to allow an unlisted witness to testify rests in the district court's discretion.").

from Springfield Service Supply, Inc. was listed as one of its witnesses in the Final Pretrial Order. Ms. Mulcahy is the president of Springfield Service Supply, Inc. and was responsible for the work performed by Springfield for Castle. Castle has not shown that Ms. Mulcahy's testimony was unnecessary at the time the subpoena was issued.

Having determined that Doing Steel's subpoena service costs are reasonable and necessary, the Court considers whether the actual costs are allowable under § 1920. Section 1920(1) authorizes fees for service of subpoenas, but fees cannot exceed amounts charged by the U.S. Marshal Service Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996) (holding "the prevailing party [can] recover service costs that do not exceed the marshal's fees, no matter who actually effected service."). The U.S. Marshal Service charges $45.00 per hour plus $0.365 per mile. Chamberlain Group, Inc. v. Interlogic, Inc., 2002 WL 31176068, at *3 (N.D. Ill. Sept. 30, 2002). The invoices from Target Service, Inc. presented by Doing Steel do not indicate how long service took or the mileage associated with the service. Therefore, the Court awards the $45.00 minimum charge by the U.S. Marshal's Service for each subpoena served for a total of $630.00 (14 subpoenas x $45.00 each).

4. **Copying Costs**

Castle objects to Doing Steel's copying charges. The cost of "copies of papers necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). Costs for copies used "solely for attorney convenience" and not for "use in the case" are not recoverable. Alexander v. CIT Tech. Fin. Services., Inc., 222 F.Supp.2d 1087, 1089 (N.D. Ill. 2002); McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990) (holding that Section 1920(4)'s phrase "for use in the case" refers to materials actually prepared for use in presenting evidence to the court and does not encompass the prevailing party's copying of court filings for its own use.").

Castle complains that the documents supporting in-house copying charges submitted by Doing Steel are "indecipherable." Doing Steel's documentation only provides information concerning the cost per page, number of pages copied, and the date the copies were made. Doing Steel's documentation for its in-house copying charges does not show what items were copied or for what purpose they were copied.

While a prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it is required "provide the best breakdown obtainable from retained records." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). Doing Steel is required to come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. Glenayre Electronic, Inc. v. Jackson, 2003 WL 21947112, at *3-4 (N.D. Ill. Aug. 11, 2003) (quoting LeMoine v. Combined Communications Corp., 1996 WL 435115, at *2 (N.D. Ill. July 31, 1996)). "A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." Id. Without further documentation from Doing Steel, the Court cannot determine whether the documents copied in-house were necessary for use in the case, as opposed to materials copied for counsel's convenience. Doing Steel's unitemized request for in-house copying costs is denied in its entirety because the documentation is not sufficient to determine whether the expenses were necessary. See Interclaim Holdings Limited v. Ness, Motley, Loadholt, Richardson, 2004 WL 557388, at *2-3 (N.D. Ill. March 22, 2004) (and cases cited therein); Glenayre Electronic, 2003 WL 21947112, at *3-4; Alexander, 222 F.Supp.2d at 1089-90 (stating "defendant has not described the documents copied so as to allow the court to determine whether they were necessary for use in this

case. Consequently, the court disallows the full $1,776.90 of defendant's photocopying costs."); Fait v. Hummel, 2002 WL 31433424, at *5 (N.D. Ill. Oct. 30, 2002).

Doing Steel also seeks to recover a cost of $319.75 for documents received from A.L.L. Masonry pursuant to a subpoena. Doing Steel is not entitled to recover the $319.75 billed by A.L.L. Masonry. The A.L.L. Masonry invoice states that $276.00 was for 6 hours of an office manager time at $46.00 per hour, $18.75 was for UPS next day air service, and $25.00 was for "copying services." The officer manager's time spent copying is not a recoverable cost. Voice Stream PCS I, LLC v. City of Hillsboro, 2004 WL 848176, at * 2 (D. Or. April 13, 2004) (denying recovery of staff time associated with copying costs under 1920(4)). Moreover, the Court rejects the UPS next day air service cost. Section 1920 does not provide for such costs, and Doing Steel has not shown the necessity of next day air service. Finally, the A.L.L. Masonry invoice does not itemize the per page cost and page total for the $25.00 billed for "copying services." Without any evidence from Doing Steel regarding the number of pages copies and the cost per page, Doing Steel may not recover copying charges in relation to obtaining A.L.L. Masonry's documents.

Doing Steel has adequately documented its request for costs associated with photocopying by outside vendors. Doing Steel explains that the April 16, 2002, November 20, 2002, and November 21, 2002 Uniscribe invoices were for copying and bates numbering the documents it received from the architect and the property owner. Doing Steel further states that the March 18, 2004 invoice from Uniscribe was for copying and tabing Doing Steel's trial exhibits. The cost of copying documents produced by third parties and trial exhibits is recoverable. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1411 (7th Cir. 1991) (finding district court did not abuse its discretion in awarding the prevailing party the cost of copying documents produced by third parties);

Habdas v. City of Chicago, 2004 WL 354322, at *1 (N.D. Ill. Feb. 23, 2004) (holdings costs for copies of trial exhibits both recoverable and reasonable because copies of trial exhibits are necessary in the event an exhibit is published to the jurors). Further, the cost of bates stamping and tabing copied documents is recoverable. See First City Securities, Inc. v. Shaltiel, 1993 WL 408370, at *2 (N.D. Ill. Oct. 8,1 993) (holding "[c]osts for binding, inserting tabs and bates stamping are allowed here because these services are necessary to reproduce a document in a way that is organized and useful to the opposing party and the court."); see also Haroco, Inc. v. American National Bank and Trust Co. of Chicago, 38 F.3d 1429, 1441 (7th Cir. 1994) (holding that the costs of copying and collating exhibits and fees for graphics services fell "squarely within [the] language" of section 1920(4) and were recoverable even though the statute did not mention "collating" or "graphics services.").

Doing Steel has reduced its request for copying of 8.5" x 11" documents to $0.15 per page. The $0.15 per page fee for photocopying by Uniscribe is reasonable. American Automotive Accessories v. Fishman, 991 F.Supp. 995, 998 (N.D. Ill. 1998). Moreover, Castle does not challenge Doing Steel's need for copying 11" x 17" and oversized documents such as schedules and architectural drawings, enlarging and copying color photographs, and enlarging a schematic drawing of the school nor the reasonableness of the fees associated with such copying and enlarging. Those costs are recoverable. Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc., 249 F.3d 1293, 1296 (11th Cir. 2001) (upholding district court's award of costs for copies of oversized documents and color photographs); Northbrook Excess and Surplus Ins. Co., 924 F.2d at 644 (upholding trial court's award of costs associated with graphs, photos, and charts).

In sum, Doing Steel is entitled to recover the following Uniscribe and Kinko's costs:

| | | |
|---|---|---|
| • | April 16, 2002 Uniscribe Invoice | $568.25 |
| • | November 20, 2002 Uniscribe Invoice | $340.20 |
| • | November 21, 2002 Uniscribe Invoice | $69.60 |
| • | March 18, 2004 Uniscribe Invoice | $213.75 |
| • | June 29, 2004 Uniscribe Invoice | $15.00 |
| • | Kinko's | <u>$89.93</u> |
| Total | | $1296.73[3] |

Finally, Castle does not object to taxation of the copying fees charged by Castle for its documents (310 pages x $0.08 per page = $24.80). This cost is recoverable.

## **CONCLUSION**

For the reasons set forth above, Doing Steel's Bill of Costs is allowed in part and denied in part. Doing Steel is awarded costs of $4,534.73 plus interest. <u>McIlveen</u>, 910 F.2d at 1584-85 (noting that the Seventh Circuit allows for interest on costs from the date the costs award is entered).

**E N T E R:**

*[signature]*

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated: March 3, 2005**

---

[3] With respect to the Kinko's invoice for copying charges on 1/15/03 ($88.90), 1/20/03 ($175.07), and 1/21/03 ($535.72) and the Uniscribe invoice for 6/11/04 ($129.85), Doing Steel has not described what items were copied or for what purpose they were copied. Recovery of these costs is denied.